Sherian L. COWAN, Relator,

v.

Hon. Looney E. LINDSEY, Respondent.

No. 12–84–0203–CV.

Court of Appeals of Texas, Tyler.

Nov. 29, 1984.

**56**

Bert Creel, Tyler, for relator.

Ric Freeman, Weldon McFarland, McFarland & Freeman, Tyler, for respondent.

PER CURIAM.

This is an original mandamus proceeding. Relator, Sherian L. Cowan ("mother"), has petitioned this Court to compel Judge Looney Lindsey, sitting as judge of the 321st District Court of Smith County, Texas, to set aside his order denying her application for writ of habeas corpus and granting temporary managing conservatorship of her children, Amanda Kay Cowan and Matthew Cody Cowan ("children"), to their paternal grandparents, John and Luceal Cowan ("grandparents").

Relator and J. Frank Cowan were divorced on March 29, 1976, and were named in the decree as joint managing conservators of their children, Amanda Kay Cowan and Matthew Cody Cowan. On April 4, 1977, the Court signed an order changing managing conservatorship and naming J. Frank Cowan as the sole managing conservator of the children. Relator was named as possessory conservator. Her visitation schedule included, inter alia, having the children one day and one night each weekend. Testimony by the grandparents indicated that while the children spent the night at their father's house, they spent most of the day, when not in school, at their grandparents. The grandmother prepares their meals and chauffeurs them to school activities. The children have their own bedrooms at their grandparents' house and bathe and dress there.

J. Frank Cowan died on August 22, 1984. The grandparents filed a motion to modify the 1977 order affecting the parent-child relationship seeking temporary and permanent managing conservatorship of the children. A temporary restraining order was entered allowing the grandparents exclusive possession of the children pending further hearing on the motion.

Relator filed an application for writ of habeas corpus and request for writ of attachment in the trial court, alleging that she was entitled to possession of the children as their surviving parent and that the children were being illegally restrained by the grandparents under the temporary restraining order. Relator also attacked the grandparents' standing to seek managing conservatorship of the children.

The grandparents contested the issuance of the writ of habeas corpus, alleging that there is a serious, immediate question concerning the emotional welfare of the children, and that under TEX.FAM.CODE ANN. §§ 14.10(c) and 11.11, the court should issue a temporary order giving them managing conservatorship of the children. They also filed another pleading entitled "Original Suit for Further Action in Suit Affecting the Parent-Child Relationship," again asking for temporary and permanent managing conservatorship. Relator filed motions to dismiss both of the grandparents' actions.

A hearing was held on September 20, 1984, to determine the numerous matters presented to the Court. On September 21, 1984, Judge Lindsey signed an order denying relator's motions to dismiss and her application for writ of habeas corpus and request for writ of attachment. The court also appointed John Cowan and Luceal Cowan as temporary co-managing conservators of the children pending further order of the Court after finding that the children were in imminent danger of physical or emotional harm, that a serious, im-

mediate question concerning the welfare of the children existed and that the temporary orders were in the "best interest" of the children. Relator was named as temporary possessory conservator of the children and was given possession of the children every weekend and for a reasonable time during Thanksgiving, Christmas, summer holidays and birthdays of the children.

A Motion for Leave to File Petition for Writ of Mandamus was filed in this Court by relator praying that the trial court be compelled to set aside its order denying habeas corpus relief and granting temporary managing conservatorship to the grandparents.

■ The law which applies to the situation at hand is clear. TEX.FAM.CODE ANN. § 14.10(e) directs that in the absence of a court order governing right to possession, habeas corpus will lie to compel return of the child to the relator with superior right of possession under § 12.04 of the Family Code. "In the absence of specific provisions to the contrary in an order establishing conservatorship, the death of the managing conservator ends the conservatorship order and it no longer constitutes a valid subsisting court order for purposes of section 14.10." *Greene v. Schuble*, 654 S.W.2d 436, 437–38 (Tex.1983). TEX.FAM. CODE ANN. § 12.04 states that unless otherwise provided by judicial order or affidavit of relinquishment, the parent of a child has the right to physical possession of the child. As stated in *Greene v. Schuble, supra* at 438:

> Even a court of continuing jurisdiction is bound by the mandatory language of section 14.10. It must grant a writ of habeas corpus for the delivery of possession of a child to the person with the superior right of possession without any delay for separate or simultaneous consideration of a pending motion for modification of the prior court order, unless an exception under section 14.10 is shown to exist. *Strobel v. Thurman*, 565 S.W.2d 238, 240 (Daniel, J., concurring); *Trader v. Dear*, 565 S.W.2d 233, 237 (Daniel, J., concurring).

■ The Supreme Court has made it quite clear that issues of best interest should not be litigated in habeas corpus proceedings. *McElreath v. Stewart*, 545 S.W.2d 955 (Tex.1977). The trial court's order and the evidence presented at the hearing indicate that the trial court considered more than the immediate welfare of the children; however, we have carefully examined the record to see whether the children are in "imminent danger of physical or emotional harm" and whether immediate action is necessary to protect the children. *See Forbes v. Wettman*, 598 S.W.2d 231 (Tex.1980); *McElreath v. Stewart, supra.*

■ The primary basis of the trial court's decision apparently is that the children have, for all practical purposes, lived with their grandparents for so long a period of time that to require them to move in with the relator would be emotionally harmful.

Amanda Cowan is presently 13 years old, and her brother Cody is 11 years old. Pursuant to the 1977 modification order giving their mother possessory conservatorship, the children have spent at least one day and one night, and sometimes more, every weekend with relator. No showing was made that these visits harmed either child. If the trial court in fact believes that the evidence depicts a situation so dangerous as to warrant the issuance of temporary orders as contemplated by the Family Code, it seems odd that relator was granted temporary possessory conservatorship with frequent visitation privileges.

Furthermore, Amanda testified that while she would prefer to live with her grandparents, "it wouldn't be a problem" to live with her mother. Amanda, however, also testified that Cody wants to live with relator. The only expert who testified as to the psychological impact of moving the children stated that no emotional harm would result from such a move, and that it would, in fact, be "very beneficial" to Cody, and "more appropriate" for both chil-

**58**

dren in recovering from the grief of their father's death.

While the evidence presented may bear on the best interest issue, it certainly does not show the sort of imminent danger envisioned by the Family Code which would outweigh relator's right to possession under § 12.04(1). In the absence of such evidence, and upon relator's showing of a superior right of possession, granting of the writ should have been "automatic, immediate, and ministerial." *Armstrong v. Reiter*, 628 S.W.2d 439, 440 (Tex.1982).

Accordingly, the trial court erred in denying relator's application for writ of habeas corpus and in granting temporary managing conservatorship to John and Luceal Cowan. A writ of mandamus will issue only if Judge Lindsey declines to vacate his order and grant the requested writ. Also, we strongly urge the trial court to proceed to trial on the conservatorship issue as soon as possible.