Charles E. LEWIS, Relator,

v.

The Honorable Bill McCOY,
Judge, Respondent.

No. 08–88–00036–CV.

Court of Appeals of Texas,
El Paso.

Feb. 26, 1988.

Rehearing Denied March 7, 1988.

Larry L. Martin, Geary, Stahl & Spencer, Herbert L. Hooks, Dallas, Cynthia Clack, Odessa, for relator.

Roger Jatko, Bell & Jatko, Odessa, Rodney Elkins, Dallas, for respondent.

Before OSBORN, C.J., and
SCHULTE and FULLER, JJ.

OPINION

OSBORN, Chief Justice.

This is an original proceeding in which the Relator seeks a Writ of Mandamus to require a trial court to set aside and vacate orders in a case involving a parent-child relationship because another district court has dominant and continuing, exclusive jurisdiction. The relief sought is granted.

In February 1987, the 303rd Judicial District Court of Dallas County entered a divorce decree which terminated the marriage of Charles E. Lewis, Relator, and Jacque Lynn Lewis. The mother was appointed managing conservator and the father was appointed possessory conservator of the parties' only child, Victoria Lynn Lewis. In October 1987, while Jacque Lewis was being treated for cancer, she and her parents, Jack and Mary Milam, filed a Motion to Modify in the same cause in which the divorce was granted and sought to have the maternal grandparents named as possessory conservators. These parties filed at the same time a Motion to Transfer and sought to have the Dallas County District Court transfer the case to Ector County where it was alleged the child had resided since 1985. That motion at the time of oral argument in this case had not been heard or ruled upon.

On December 27, 1987, Jacque Lewis died. At that time, the child was with her father who was exercising visitation rights. Mr. and Mrs. Milam then filed a new case in the 358th Judicial District Court in Ector County seeking to be named managing conservators and seeking orders for immediate possession of their granddaughter. On December 30, 1987, an ex parte order was entered which appointed Jack and Mary Milam temporary managing conservators with exclusive right to possession of Victoria Lewis. It ordered the father to deliver

the child to any peace officer in the state for delivery to the grandparents. A show cause was ordered for January 11, 1988.

On January 11, 1988, the court again appointed Jack and Mary Milam temporary managing conservators with exclusive right to possession of Victoria Lewis. A further hearing was ordered for January 25, 1988. The grandparents obtained possession of the child based upon these temporary ex parte orders. On January 14, 1988, a temporary injunction was issued by the Ector County District Court ordering the father to refrain from enforcing any orders issued out of the 303rd Judicial District Court of Dallas County. The matter was set for further hearing on January 25, 1988. In response to a petition for writ of habeas corpus, the Dallas Court issued a writ on January 13, 1988, and ordered Jack and Mary Milam to appear with Victoria Lewis on January 21, 1988.

After an extensive hearing on January 25, 1988, the District Court of Ector County overruled the various pleas filed by the father and appointed Jack and Mary Milam temporary managing conservators of Victoria Lewis. The order further enjoins the father from enforcing any orders issued by the Dallas County District Court.

On January 21, 1988, the District Court of Dallas County directed the grandparents, through their attorney of record, to appear and produce the child the following morning for a further hearing. In an order entered on January 22, 1988, the court found that the Respondents failed to appear and failed to produce the child in court. That order recites that the court found that it was the court of continuing and exclusive jurisdiction and the court of dominant jurisdiction, and it ordered that the grandparents surrender the child to the father; the order sustained the grandparents' Motion to Quash Service of Process and found that they had appeared in the case, and set the matter for further hearing on February 2, 1988. On February, 2, 1988, the court denied the various pleas filed by the grandparents who did not appear, found it had jurisdiction and ordered the grandparents to surrender the child to

the father by February 26, 1988. The order appointed the father temporary managing conservator of Victoria Lewis and ordered Jack Milam to pay interim attorney's fees of $75,000.00 to the father. The grandparents were enjoined from enforcing orders contrary to this order.

Without doubt, there are hard feelings between these parties as reflected by the various orders obtained in the trial court proceedings, the briefs on file herein and the oral arguments made in this proceeding. We are convinced that both trial judges in full, good faith believed jurisdiction rested in their respective courts. The parties also believed the court in their hometown should decide the issues raised by their pleadings. We share the parties' concern for a four-year-old child. We are also concerned about what appears to be an exorbitant award of attorney's fees by the Dallas County District Court, but that issue is not before us and we will not write upon it.

■ To untangle the web of conflicting orders which leaves the litigants in a quandary as to what they should do with a four-year-old girl, we first note Tex.Fam. Code Ann. sec. 11.05 (Vernon 1986). Basically, and with some exceptions, it provides in Paragraph (a) that "when a court acquires jurisdiction of a suit affecting the parent-child relationship, that court retains continuing, exclusive jurisdiction of all parties and matters provided for under this subtitle in connection with the child." At the time of the divorce, the Dallas County District Court had jurisdiction. When the mother and grandparents filed their Motion to Modify, the court still had jurisdiction and they acknowledged that in their pleading.

What happens to the court's jurisdiction and order as to custody when the mother dies? In *Greene v. Schuble*, 654 S.W.2d 436 (Tex.1983), the majority of the Court, in a mandamus proceeding, agreed that upon the death of the managing conservator the divorce decree no longer constituted a valid order governing possession of the child. The parties in our case agree that without a valid order the father was entitled to

physical possession of the child under Tex. Fam.Code Ann. sec. 12.04(1) (Vernon 1986). That right to physical possession was violated when the Ector County District Court, in violation of Tex.Fam.Code Ann. sec. 11.11(b) (Vernon 1986), entered two ex parte orders and a temporary restraining order concerning temporary conservatorship of the child without notice and a hearing. *Whatley v. Bacon*, 649 S.W.2d 297 (Tex.1983).

The hearing on January 25, 1988, was conducted after notice and with all interested parties present. The father asserts that under Section 11.05 the Dallas County District Court was a court of continuing, exclusive jurisdiction and that even though its prior order was not effective after the death of the mother its jurisdiction continued. He also contends that under the holding in *Curtis v. Gibbs*, 511 S.W.2d 263 (Tex.1974), the Dallas County District Court was the court of dominant jurisdiction because that suit was filed first and still had pending before it the grandparents' Motion to Modify along with a subsequent pleading filed by the father seeking to be named managing conservator.

The grandparents contend that under the holding in *Greene v. Schuble, supra,* the Dallas County District Court's order was no longer valid and that the Dallas Court no longer had jurisdiction. They assert a right under Tex.Fam.Code Ann. sec. 11.03 (Vernon Supp.1988) to initiate an original proceeding to be named managing conservators. They obtained a finding in accordance with Section 11.03(b)(1) that there exists a serious and immediate question as to the welfare of the child which prevents the granting of possession of the child to the father.

■ We do not read the majority opinion in *Greene v. Schuble, supra,* to hold that the death of the managing conservator terminates the jurisdiction of the court which appointed the conservator. First, the statute does not so provide. See *Greene v. Schuble, supra,* Dissenting Opinion, at 439. Second, the court's jurisdiction is over the child, and that child is still subject to further orders and supervision by the court as long as she is a minor. Third, the majority opinion in the *Greene* case recognized that even though the original decree was no longer a valid order that the District Court of Harris County "is the court of continuing jurisdiction by virtue of the 1978 divorce decree." Since the Dallas County District Court originally had jurisdiction and the death of the managing conservator did not terminate that jurisdiction, another court could not obtain jurisdiction without a transfer order. *Alexander v. Russell,* 699 S.W.2d 209 (Tex.1965). This would include a probate court where an application was filed for appointment of a temporary guardian. *Cruz v. Scanlan,* 682 S.W.2d 422 (Tex.App.—Houston [1st Dist.] 1984, no writ).

We conclude that the Dallas County District Court had continuing jurisdiction to name a managing conservator for Victoria Lewis after her mother died. There is neither statutory nor case law to the contrary. We are confident that the Respondent, The Honorable Bill McCoy, Judge of the 358th Judicial District Court of Ector County, will forthwith set aside and dissolve all orders involving Victoria Lynn Lewis and issue no additional orders involving this minor except on transfer of the case from the Dallas County District Court. Our writ will issue only upon a failure to comply with the provisions of this opinion.