**Marla Easton FLEMING, Appellant,**

v.

**Bryce Scott EASTON, as Independent Executor of the Estate of Chris Bennett Easton, Jr., Appellee.**

No. 05–97–00390–CV.

Court of Appeals of Texas, Dallas.

July 26, 1999

---

P. Keith Staubus, Julie K. Blankenship, Blankenship, Carmichael, Staubus, Abbott & Randall, Dallas, for appellant.

John D. Hill, Hill, Ellis, Walker, Hill & Shea, Sherman, for appellee.

Before Justices OVARD, MORRIS, and ROACH.

## OPINION

JOSEPH B. MORRIS, Justice.

This case concerns the jurisdiction of a probate court. We must decide whether the probate court below had jurisdiction to sign a judgment for child support arrearages that were allegedly owed by the deceased father's estate. We must also decide whether the probate court had jurisdiction to modify a divorce decree to provide for a lump sum payment of future child support purportedly made an obligation of the father's estate by the divorce decree. We conclude the probate court did not have jurisdiction over these matters. Therefore, we vacate the trial court's judgment and dismiss the cause for want of jurisdiction.

### I.

A district court in Grayson County signed a final decree of divorce between Marla Ann Easton (now Fleming) and Chris Bennett Easton, Jr. on December 6, 1993. The decree ordered Easton to pay child support. The decree further ordered that the provisions for child support would not terminate on Easton's death, but would become an obligation of his estate. Easton died on June 15, 1994.

On April 5, 1995, Fleming filed a motion to confirm child support arrearages and to modify the divorce decree. The motion was filed in the county court, sitting as a probate court, that had admitted Easton's will to probate and issued letters testamentary to Bryce Scott Easton as independent executor. The motion requested

a judgment against Easton's estate for accrued but unpaid child support. The motion further requested a modification of Easton's and Fleming's divorce decree to provide for a lump sum payment of all future child support that would be owed by Easton's estate. The probate court awarded Fleming the amount of support it found unpaid and delinquent. The court refused, however, to order a lump sum payment of future child support concluding that it lacked the authority to do so. Fleming brings this appeal.

## II.

■ In her first point of error, Fleming challenges the amount of delinquent child support awarded to her, arguing that the evidence shows she is entitled to more. In her second point of error, Fleming contends the probate court erred when it concluded it lacked authority to award her a lump sum for future child support. The estate responds to both points of error by arguing that the probate court did not have authority to award Fleming either the allegedly delinquent child support payments or a lump sum payment for future child support. We agree with the estate.

In her motion, Fleming attempted to invoke the jurisdiction of the probate court by citing section 5A of the Texas Probate Code. Section 5A describes the matters that may properly be considered by a court exercising probate jurisdiction. Those matters include, but are not limited to, "all claims by or against an estate" and "all matters relating to the settlement, partition, and distribution of estates of deceased persons." TEX. PROB.CODE ANN. art. 5A (Vernon Supp.1999). Fleming contends that this broad grant of authority encompasses the claims presented in this case.

■ What Fleming fails to recognize is that jurisdiction over her claims was already vested in the district court that signed her final divorce decree. The Texas Family Code grants trial courts exercising domestic relations jurisdiction continuing and exclusive jurisdiction over all matters pertaining to a parent-child relationship. *See* TEX. FAM.CODE ANN. § 155.002 (Vernon 1996). A district court's continuing, exclusive jurisdiction becomes fixed once the trial court renders a final judgment or order in the case before it. *See Curtis v. Gibbs,* 511 S.W.2d 263, 266 (Tex.1974). In this case, the district court obtained continuing jurisdiction over the parent-child relationship between Easton and his son once it signed the final decree of divorce between Easton and Fleming. *Cf. In re Graham,* 971 S.W.2d 56 (Tex.1998) (probate court authorized to transfer to itself *non-final* divorce action).

The family code in effect at the time Fleming and Easton were divorced, as well as at the time Fleming filed her motion in the probate court, contained a jurisdictional provision stating that:

... when a court acquires jurisdiction of a suit affecting the parent-child relationship, that court retains continuing, exclusive jurisdiction of all parties and matters provided for under this subtitle in connection with the child. No other court of this state has jurisdiction of a suit affecting the parent-child relationship with regard to that child....

*See* Act of May 26, 1993, 73 d Leg., R.S., ch. 970 § 2, 1993 Tex. Gen. Laws 4212, 4231 (amended 1995) (current version at TEX. FAM.CODE ANN. § 155.002 (Vernon 1996)). The "subtitle" referred to in the provision is "Subtitle A. The Parent–Child Relationship and the Suit Affecting the Parent–Child Relationship." *See* Act of May 24, 1973, 63 d Leg., R.S., ch. 543, 1973 Tex. Gen. Laws 1412. The family code has consistently treated collection of delinquent child support and modification of support orders as matters affecting the parent-child relationship over which the court rendering the divorce decree has continuing and exclusive jurisdiction. *See, e.g.,* Act of May 24, 1973, 63 d Leg., R.S., ch. 543 §§ 14.08 & 14.09, 1973 Tex. Gen. Laws 1412, 1425–26; TEX. FAM.CODE ANN.

§§ 156.001, 157.001, & 157.263 (Vernon 1996). Furthermore, this Court has held that a suit to enforce or modify a child support order, other than through a contract action, is a "suit affecting the parent-child relationship" subject to the continuing jurisdiction provisions of the family code. *See Hudson v. Markum,* 931 S.W.2d 336, 337 (Tex.App.-Dallas 1996, no writ); *Adwan v. Adwan,* 538 S.W.2d 192, 194–95 (Tex.Civ.App.-Dallas 1976, no writ).

Fleming did not bring her claims for child support as a contract action. Her motion was simply to enforce the divorce decree as a court order and to modify the decree to make all future child support immediately collectible. Indeed, Fleming styled her motion as a "Motion to Confirm Child–Support Arrearage and Motion to Modify *in Suit Affecting Parent Child Relationship* " (emphasis added). Because Fleming's claims involve matters pertaining to the parent-child relationship between Easton and their child, the district court that had previously acquired jurisdiction over the child through Fleming and Easton's divorce action, retains continuing and exclusive jurisdiction to decide these issues.

The district court's acquisition of jurisdiction over the parent-child issues in this case preceded any jurisdiction that could have been acquired by the probate court. This case is distinguishable, therefore, from those in which the probate court acquired dominant jurisdiction by virtue of the administration of the estate being the "first filed action." *See Bailey v. Cherokee County Appraisal Dist.,* 862 S.W.2d 581, 586 (Tex.1993). Because jurisdiction vested in the district court before the probate court acquired jurisdiction over Easton's estate, the probate court would have had to *divest* the district court of its jurisdiction before deciding this case. We see nothing in the record to indicate that a transfer or other form of permissible divestiture took place. *See* Act of May 26, 1993, 73 ᵈ Leg., R.S., ch. 970 § 2, 1993 Tex.

Gen. Laws 4212, 4231 (amended 1995); Tᴇx. Pʀᴏʙ.Cᴏᴅᴇ Aɴɴ. art. 5B (Vernon Supp. 1999); *see also Graham,* 971 S.W.2d at 58.

■ Furthermore, we have found no authority that would automatically divest the district court of its jurisdiction over the parent-child relationship upon Easton's death. Indeed, previously decided cases clearly indicate that the district court's continuing jurisdiction over the issues in this case was not affected by Easton's death. *See Dohrn v. Delgado,* 941 S.W.2d 244, 248 (Tex.App.-Corpus Christi 1996, no writ) (death of one of the parties to a divorce decree does not terminate the continuing jurisdiction of the court rendering the decree over the children, if any, who are still subject to further orders and supervision by the court as long as they are minors); *Lewis v. McCoy,* 747 S.W.2d 48, 50 (Tex.App.-El Paso 1988, orig. proceeding). We note that the claims brought by Fleming involve obligations allegedly owed by Easton's estate as a result of Easton's former status as a parent. The object of these parental obligations is Easton's child, who is still subject to the exclusive jurisdiction of the district court with respect to all matters pertaining to the parent-child relationship. If Fleming had obtained a judgment in her favor in the district court, she could have presented it to the estate for payment just like any other debt. *See Martin v. Adair,* 601 S.W.2d 543, 545 (Tex.Civ.App.-Beaumont 1980, no writ). Before her claims are reduced to judgment, however, the probate court has no jurisdiction to consider them.

Because the trial court lacked subject matter jurisdiction, we vacate the trial court's judgment and dismiss this cause for want of jurisdiction.[1]

---

1. Fleming presented a third point of error on    appeal challenging the probate court's dele-

tion of a conclusion of law from its Findings of Fact and Conclusions of Law. Because we have concluded that we lack subject matter jurisdiction over Fleming's claims, we do not address this point of error.