NUMBER 13-98-506-CV 



COURT OF APPEALS 

THIRTEENTH DISTRICT OF TEXAS 

CORPUS CHRISTI 

____________________________________________________________________ 



IN THE ESTATE OF SERGIO E. MARTINEZ AYALA, DECEASED. 

____________________________________________________________________ 



On appeal from the County Court at Law No. One 

of Cameron County, Texas. 

____________________________________________________________________ 



O P I N I O N 



Before Justices Dorsey, Chavez and Rodriguez 



Opinion by Justice Chavez 



This is an appeal from the county court's denial of a creditor's request for sale of
property securing a debt of Sergio E. Martinez Ayala, deceased. We hold that the creditor
complied with all procedural requirements for asserting its claim, reverse the judgment of
the trial court, and remand for further proceedings. 

Sergio Martinez and his wife borrowed money from International Bank of Commerce (IBC)
to buy a condominium. Payments were made for several years, but then stopped, and IBC
subsequently learned that Mr. Martinez had died. On December 18, 1997 IBC filed a claim
and a "motion to require sale of property" with the clerk of the court handling
the dependent administration of Martinez's estate. The personal representative never
expressly allowed or rejected this claim. Nevertheless, the trial court signed an order on
January 27, 1998 "granting secured creditor's motion to require sale of
property" which erroneously recited that "the claim has been duly allowed."
On April 9, 1998 the trial court set aside this order. On June 5, 1998, IBC filed an
"amended motion to require sale," which also contained the erroneous statement
that the claim had been allowed. On July 2, 1998 the trial court signed the order
"denying and dismissing International Bank of Commerce's Amended Motion to Require
Sale of Property" that is the subject of this appeal. 

When a creditor files a claim in a dependent administration, the personal
representative has thirty days to allow or reject the claim. Act of April 4, 1955, 54th
Leg., R.S., ch. 55, 309, 1955 Tex. Gen. Laws 88, 173; amended by Act of June 17,
1995, 74th Leg. R.S. ch. 1054 11, 1995 Tex. Gen. Laws 5207, 5211(1);
now codified at Tex. Prob. Code Ann. 309. If the representative neither allows
nor rejects the claim within thirty days, the claim is rejected as a matter of law. Act of
April 4, 1955, 54th Leg., R.S., ch. 55, 310, 1955 Tex. Gen. Laws 88, 173; amended by
Act of June 17, 1995, 74th Leg. R.S. ch. 1054 12, 1995 Tex. Gen. Laws 5207, 5211-12; now
codified at Tex. Prob. Code Ann. 310. Section 313 governs the procedure for pursuing
a rejected claim: 

When a claim or part thereof has been rejected by the representative, the claimant
shall institute suit thereon in the court of original probate jurisdiction in which the
estate is pending or in any other court of proper jurisdiction within ninety days after
such rejection or the claim shall be barred. 

. . . 

Act of April 4, 1955, 54th Leg., R.S., ch. 55, 313, 1955 Tex. Gen. Laws 88, 174; amended
by Act of June 17, 1995, 74th Leg. R.S. ch. 1054 15, 1995 Tex. Gen. Laws 5207, 5212; now
codified at Tex. Prob. Code Ann. 313. 

The estate argues that the trial court was correct in denying IBC's claim because: 

(1) IBC never filed a "suit" on a rejected claim pursuant to 313; and 

(2) suit could not be instituted until after the claim was rejected; i.e., the


statute provides a "window" of time to file suit on claims that are rejected
as a matter of law that begins at the conclusion of the 30 days for the personal
representative to act, and then goes on for 90 days after rejection. 

IBC argues that its "motion to require sale" filed on the same day it filed
its claim should be construed as "instituting suit" on the claim, and that its
suit could be filed any time before ninety days after the claim was rejected. 

We agree that the "motion to require sale" should be construed as
"instituting suit" on the claim. The probate code does not define the phrase
"institute suit." Generally, pleadings and motions are to be construed liberally
and judged by their substance rather than their titles. Tex. R. Civ. P. 71; Dohrn v.
Delgado, 941 S.W.2d 244, 248 (Tex. App.--Corpus Christi 1996, no writ) (citing McCurry
v. Aetna Casualty and Surety Co., 742 S.W.2d 863, 866 (Tex.App.--Corpus Christi 1987,
writ denied). The motion set out IBC's claim, the facts supporting that claim, and asked
for relief under the note in satisfaction of its claim. We conclude that the substance of
the motion, construed liberally, could constitute a "suit" within the meaning of
section 313. 

Appellee argues that IBC never filed suit on a rejected claim because all of its
pleadings erroneously stated that the claim had been approved. However, appellee concedes
that the claim was, in fact, rejected. Therefore, appellee's suit on its claim was a suit
on a rejected claim, notwithstanding the erroneous statements that the claim had been
approved. 

We also reject appellee's argument that IBC was required to wait until after the claim
was rejected before filing suit. Section 313 provides "When a claim or part thereof
has been rejected by the representative, the claimant shall institute suit thereon . . .
within ninety days after such rejection, or the claim is barred. Act of April 4, 1955,
54th Leg., R.S., ch. 55, 313, 1955 Tex. Gen. Laws 88, 174; amended by Act of June
17, 1995, 74th Leg. R.S. ch. 1054 15, 1995 Tex. Gen. Laws 5207, 5212; now codified at Tex.
Prob. Code Ann. 313. This statute provides only an "end" date - ninety days
after rejection. The statute has no provision barring a claim filed prematurely. 

A creditor's suit on a rejected claim is analogous to a motion for new trial or an
appeal - in all three situations, a party wishes to challenge a decision that has been
made on its claim. Premature motions for new trial are deemed to have been filed on the
date of, but subsequent to, the signing of the judgment the motion assails. Tex. R. Civ.
P. 306c. A prematurely filed notice of appeal is also deemed filed on the day of, but
after, the event that begins the period for perfecting appeal. Tex. R. App. P. 27.
Similarly, we reject appellee's argument that IBC's claim should be barred because it was
filed prematurely. 

The order of the trial court denying and dismissing IBC's claim is reversed. We remand
this case to the trial court for further proceedings consistent with this opinion. 



MELCHOR CHAVEZ 

Justice 



Publish. 

TEX. R. APP. P. 47.3. 



Opinion delivered and filed this 

the 31st day of March, 2000. 

1. The 1995 amendments apply only to the estate of persons who die
on or after January 1, 1996. Act of June 17, 1995, 74th Leg. R.S. ch. 1054 30, 1995 Tex.
Gen. Laws 5207, 5216. Because Sergio Martinez died in 1991, the previous law remains in
effect for his estate.