

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00272-CV

———————————————

IN THE INTEREST OF A.W., A CHILD

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CV18-1452

Before Kerr, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

R.W. (Father) appeals from the trial court's final order in a suit to modify the parent–child relationship filed by A.W. (Mother) concerning their son A.W. (Andy).[1] After a jury trial, the trial court ordered that Mother would be then-17-year-old Andy's sole managing conservator and that Father's possession of and access to Andy would be supervised and "at times and in a manner mutually agreed to by [Mother] and [Father]." In the first of his six issues, which is dispositive, Father argues that the trial court erred by denying his motion to dismiss the case for lack of jurisdiction. Because we conclude that the trial court lacked jurisdiction over Mother's and Father's parent–child relationship with Andy, the trial court erred by denying Father's dismissal motion. We will vacate the trial court's judgment and dismiss the case based on Father's first issue and thus need not reach his other issues, almost all of which involve claimed abuses of the trial court's discretion.

## I. Background

Andy—who is currently 18 years old—was born in December 2004. In March 2006, the Sixth Judicial District Court in Lamar County adjudicated Father as Andy's father, appointed Mother and Father as Andy's joint managing conservators with Mother having the exclusive right to designate Andy's primary residence within Lamar or Denton County, and ordered Father to pay child support. A few years later,

---

[1]We use aliases to identify the parties. *See* Tex. Fam. Code Ann. § 109.002(d).

Mother sued to modify the parent–child relationship, and the trial court signed an agreed modification order in March 2010. Under this order, Mother and Father remained Andy's joint managing conservators with Mother having the exclusive right to designate Andy's primary residence within Lamar or Collin County.

Mother again sued to modify the parent–child relationship. In June 2015, the case was transferred to the 62nd District Court in Lamar County. Sometime before August 2015, Mother and Andy moved to Parker County. In June 2018, the 62nd District Court signed a post-answer default modification order that gave Mother the exclusive right to designate Andy's primary residence without regard to geographic location and ordered Father to pay Mother $663.86 in monthly child support. The order's style mistakenly identified the trial court as the Sixth District Court.

Mother initiated proceedings to enforce the modification order. On August 9, 2018, Father removed the case to federal district court. Shortly after the case's removal, the 62nd District Court signed a judgment nunc pro tunc correcting the June 2018 modification order's case style to reflect that the order was in fact rendered by the 62nd District Court. On September 5, 2018, the 62nd District Court (the Lamar County Court) sua sponte transferred the case to Parker County. The case was assigned to the 415th District Court (the Parker County Court or, alternatively, the trial court). The federal district court remanded the case to state court in February 2019.

In August 2019, Mother filed the modification suit that is the subject of this appeal in the Parker County Court. She sued to modify the judgment nunc pro tunc and then moved to enforce Father's $663.86 per month child-support obligation. The Parker County Court appointed an amicus attorney to represent Andy and issued temporary orders modifying the nunc pro tunc judgment by giving Mother the exclusive right to make decisions regarding Andy's education and ordering that Father's possession of Andy would "occur as agreed" by Mother and Father. The trial court later signed a no-contact order that prohibited Father from having contact with Andy and gave Mother the exclusive right of possession. In the meantime, Mother enrolled then-15-year-old Andy in "reform school" for several months and then in a boarding school in Nebraska.

Father countersued to modify the parent–child relationship. He attempted to depose Andy. But Mother quashed the deposition notices, and the trial court granted the amicus attorney's protection motion, which prevented Andy from being deposed. Father additionally sought and was denied the transcript of the trial court's June 2020 in-chambers interview of Andy.

Father moved to dismiss the case for lack of jurisdiction, arguing that the Lamar County Court—not the Parker County Court—had continuing, exclusive jurisdiction over the case because (1) the Lamar County Court's transfer to Parker County was sua sponte, which the Texas Family Code does not allow; (2) the Lamar County Court's transfer order was void because it was signed while the case was

4

removed to federal district court; and (3) the Lamar County Court lacked plenary power to transfer the case. Father also argued that the Parker County Court lacked jurisdiction to modify the nunc pro tunc judgment because it was void for two reasons: (1) it corrected a judicial error rather than a clerical one and (2) it was entered while the case was removed to federal district court. Father urged the Parker County Court to dismiss the case without prejudice under Texas Family Code Section 155.102. *See* Tex. Fam. Code Ann. § 155.102. The Parker County Court denied the motion.

Father also moved to recuse the trial-court judge, arguing that the judge's impartiality might reasonably be questioned and that the judge was biased against him because he had shown a "high degree of favoritism" toward Mother and a "high degree of antagonism" toward Father. The trial-court judge declined to recuse himself and referred the case to the presiding judge of the Eighth Administrative Judicial Region. After a hearing, the presiding judge denied the motion.

The case was tried to a jury over four days in March 2022. Before trial, Father subpoenaed then-17-year-old Andy to testify. On the first day of trial, Father realized that Andy—who was at boarding school in Nebraska—would not appear, and on the third day of trial, Father moved to continue the trial until Andy was available to testify. The trial court denied the motion. The trial court also excluded two of Father's experts. These experts were expected to testify regarding parental alienation, Andy's

attachment to Father, Father's attachment to Andy, Father's parenting type, and Andy's desires.

The jury found that joint managing conservatorship of Andy should be replaced with sole managing conservatorship and that Mother should be appointed as Andy's sole managing conservator. The jury also found that Mother's reasonable and necessary attorney's fees were $90,000 for representation in the trial court, $20,000 for representation in the court of appeals, and $20,000 for representation in the Texas Supreme Court. The jury further found that Father's reasonable and necessary attorney's fees were $85,000.

Shortly after the trial's conclusion, the trial court signed a contempt judgment against Father, finding and confirming that Father owed Mother about $39,000 in child-support arrearages and interest. About a month later, based on the jury's findings, the trial court signed a final modification order removing Mother and Father as joint managing conservators, naming Mother as sole managing conservator, and naming Father as possessory conservator. The trial court found that the "circumstances of [Andy] or [Father] make the standard possession order unworkable or inappropriate" and thus ordered that Father have possession of and access to Andy "at times and in a manner mutually agreed to by [Mother] and [Father]" and that Father's possession and access must be supervised. The trial court awarded Mother $90,000 in trial attorney's fees, $20,000 in contingent intermediate-appellate-court

6

attorney's fees, and $20,000 in contingent supreme-court attorney's fees. This appeal

followed.

## II. Father's Issues

In six issues, Father argues that we should reverse the trial court's final

modification order because

- the trial court erred by denying Father's motion to dismiss for lack of jurisdiction,

- the trial court denied Father the right to properly present his case to the jury in nine different ways,[2]

- the trial court abused its discretion by denying Father's continuance motion based on Andy's unavailability to testify at trial,

- the trial court abused its discretion by excluding Father's experts,

- the trial court abused its discretion by making Father's possession of and access to Andy dependent on Mother's agreement because the evidence was insufficient to establish the "extreme circumstances" required to justify severely restricting Father's access, and

- the presiding judge of the Eighth Administrative Judicial Region abused his discretion by denying Father's motion to recuse the trial-court judge.

## III. The Parker County Court's Jurisdiction

Father's first issue is dispositive. In it, he contends that the trial court erred by

denying his motion to dismiss the case for lack of jurisdiction.[3] In that regard, Father

---

[2]In the interest of brevity, we do not set forth those ways.

[3]He additionally contends that the trial court's orders modifying the Lamar County Court's nunc pro tunc judgment were void because that judgment was void.

contends that the Parker County Court never had continuing, exclusive jurisdiction over the case because the Lamar County Court's September 5, 2018 order transferring the case to Parker County was void for three reasons: (1) the Lamar County Court improperly transferred the case sua sponte; (2) the Lamar County Court transferred the case after its plenary power over the June 21, 2018 default modification order had expired; and (3) the transfer order was signed after the case had been removed to federal district court on August 9, 2018, and before it was remanded to state court on February 4, 2019. According to Father, because the Lamar County Court's transfer to Parker County was void, the Lamar County Court never lost continuing, exclusive jurisdiction over the suit.[4]

A trial court acquires continuing, exclusive jurisdiction over the parties and subject matter of an original suit affecting the parent–child relationship (SAPCR) when the court enters a final order in that suit. *Id.* §§ 155.001(a), 155.002. Once acquired, a trial court with continuing, exclusive jurisdiction retains jurisdiction over the parties and subject matter, *id.* § 155.002, unless that jurisdiction has been transferred to another court under the transfer provisions outlined in Chapter 155 of

[4]The Sixth Judicial District Court in Lamar County was the original court of continuing, exclusive jurisdiction. *See id.* § 155.001. The 62nd Judicial District Court in Lamar County acquired continuing, exclusive jurisdiction when the case was transferred to it "[b]ased on a recusal." *Cf. In re G.R.M.*, 45 S.W.3d 764, 769–71 (Tex. App.—Fort Worth 2001, no pet.) (holding that district court of continuing, exclusive jurisdiction may transfer causes on its own motion for docket-equalization purposes within the same county notwithstanding the otherwise exclusive transfer provisions in Family Code chapter governing continuing, exclusive jurisdiction).

the Texas Family Code, an adoption suit has been filed, or an emergency exists as set out in chapter 262 of the Code. *See id.* § 155.001(c); *see also id.* § 103.001(b) (venue for adoption suit); §§ 155.201–.207 (transfer provisions), § 262.002 (jurisdiction for emergency proceedings). Here, the Lamar County Court had continuing, exclusive jurisdiction over the matter when it signed the June 2018 default modification order.

When Father removed the case to federal district court on August 9, 2018, the Lamar County Court—indeed any state court—was divested of jurisdiction from that date until the case was remanded. *See* 28 U.S.C.A. § 1446(d) (stating that a removal notice filed and served on all adverse parties and filed with state-court clerk "shall effect the removal and the State court shall proceed no further unless and until the case is remanded"); *Roman Cath. Archdiocese of San Juan, P.R. v. Acevedo Feliciano*, 140 S. Ct. 696, 700 (2020); *see also Resol. Tr. Corp. v. Murray*, 935 F.2d 89, 92–93 (5th Cir. 1991) (explaining that "a state court has no power to proceed with a case which has been properly removed to federal court"). Once a case is removed from state court to federal court, the state court loses all jurisdiction over the case, and "its subsequent proceedings and judgment [are] not . . . simply erroneous, but absolutely void." *Roman Cath. Archdiocese of San Juan, P.R.*, 140 S. Ct. at 700 (quoting *Kern v. Huidekoper*, 103 U.S. 485, 493 (1880)); *see In re Sw. Bell Tel. Co.*, 235 S.W.3d 619, 624 (Tex. 2007) (orig. proceeding) ("From the time the case was removed to federal court until it was remanded to state court, the state court was prohibited from taking further action." (citing 28 U.S.C.A. § 1446(d))).

Here, the Lamar County Court signed its September 2018 transfer order after Father had removed the case to federal district court but before the federal court remanded the case in February 2019. Because the Lamar County Court had no jurisdiction over the case when it signed the transfer order, that order was void.[5] *See Roman Cath. Archdiocese of San Juan, P.R.*, 140 S. Ct. at 700. The Lamar County Court thus never transferred the case to Parker County.

But our analysis does not stop here. A suit seeking to modify a final order in a SAPCR is a new lawsuit. *See* Tex. Fam. Code Ann. § 156.004 ("The Texas Rules of Civil Procedure applicable to the filing of an original lawsuit apply to a suit for modification under this chapter."); *Rose v. Rose*, 117 S.W.3d 84, 88 (Tex. App.—Waco 2003, no pet.) ("A petition to modify an existing order affecting the parent-child relationship is a new suit."). Here, on August 15, 2019 (after remand), Mother filed the modification suit giving rise to this appeal in the Parker County Court. In that suit, she sought to modify the nunc pro tunc judgment "correcting a [final] judgment entered on May 16, 2018."[6]

---

[5]The judgment nunc pro tunc, which was likewise signed while the case was removed to federal court, is also void. But the June 21, 2018 default modification order—which the parties do not dispute was in fact signed by the 62nd District Court—is not void; its signing predated Father's removal to federal court.

[6]As noted, the default modification order was signed on June 21, 2018. The trial court had heard the case on May 16, 2018.

But a modification suit must be filed in the court that has continuing, exclusive jurisdiction. *See* Tex. Fam. Code Ann. § 156.001; *Bollard v. Berchelmann*, 921 S.W.2d 861, 864 (Tex. App.—San Antonio 1996, orig. proceeding). And "[i]f a court in which a suit is filed determines that another court has continuing, exclusive jurisdiction of the child, the court in which the suit is filed shall dismiss the suit without prejudice." Tex. Fam. Code Ann. § 155.102. When Mother filed her modification suit, the Lamar County Court still had continuing, exclusive jurisdiction over Andy and had not transferred the case to Parker County. *See id.* § 155.001(c). The Parker County Court should have dismissed Mother's modification suit without prejudice. *See id.* § 155.102. We thus sustain Father's first issue, and we will vacate the trial court's judgment and dismiss Mother's suit without prejudice.[7] *Cf. Barnes v. Tex. Dep't of Fam. & Protective Servs.*, No. 03-11-00439-CV, 2012 WL 1959328, at *1 (Tex. App.—Austin June 1, 2012, no pet.) (mem. op.) (vacating trial court's judgment and dismissing case rather than reversing child-support order and remanding case to court lacking continuing, exclusive jurisdiction with instructions to dismiss the case); *In re T.S.L.*, 196 S.W.3d 233, 235–36 (Tex. App.—Fort Worth 2006, no pet.) (holding dismissal required when court without continuing, exclusive jurisdiction rendered judgment before receiving Bureau of Vital Statistics notification); *Fleming v. Easton*, 998 S.W.2d 252, 255 (Tex. App.—Dallas 1999, no pet.) (vacating probate court's judgment and dismissing case

---

[7]We do not address Father's remaining issues because they afford him no greater relief. *See* Tex. R. App. P. 47.1.

11

for want of jurisdiction where district court that entered earlier divorce decree had continuing, exclusive jurisdiction and probate court thus lacked jurisdiction over child-support matters concerning deceased father's estate); *Carroll v. Couch*, 624 S.W.2d 398, 399 (Tex. App.—Fort Worth 1981, no writ) (reversing judgment and dismissing cause where court lacking continuing, exclusive jurisdiction terminated father's parental rights).

## IV. Conclusion

Having sustained Father's dispositive first issue, we vacate the trial court's judgment and dismiss Mother's suit without prejudice. *See* Tex. R. App. P. 43.2(e); *see also* Tex. Fam. Code Ann. § 155.102.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: July 20, 2023