## CALAWAY v. CALAWAY.

### No. 14992.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 11, 1949.

Rehearing Denied March 11, 1949.

Stine & Stine, of Henrietta, and T. H. Yarbrough, of Bowie, for appellant.

Donald & Donald, and J. M. Donald, all of Bowie, for appellee.

SPEER, Justice.

Appellee, Mrs. Marjorie Calaway, sued appellant, Dr. William Calaway, for divorce, division of community property, child custody and support and attorney's fees.

At all times relevant to the matters before us, appellant Dr. Calaway was a member of the U. S. Air Force with the rank of Lieutenant Colonel, in charge of government hospitals at such places as his superiors should assign him from time to time.

Trial was to the court without a jury, resulting in a judgment in favor of appellee for relief in the respects prayed for. However, the amounts awarded for child support and attorney's fees were less than those asked for in the petition. From the judgment Dr. Calaway (defendant below) has appealed.

Appellant briefed his case here on four points of error, three of which complain of the insufficiency of the pleadings and evidence to support a judgment in appellee's favor for divorce, and the fourth point asserts error in the amount awarded by the court for child support.

Appellee filed complete briefs resisting appellant's assigned errors and further sought to uphold the validity of the judgment of the trial court in its entirety. Appellee did not file any cross points of error nor otherwise present a claim for any alternative relief contingent upon any conclusions that might be reached by this court.

The cause was set by this court for submission on November 19, 1948, but on account of serious illness in the family of one of the attorneys the case was formally submitted at that time, with notice to the parties that the court would hear oral arguments later at such time as was convenient to counsel. During this period of delay appellant lost his life in an airplane accident in California on December 3, 1948.

On January 21, 1949, counsel for appellant (now deceased), joined by Rex Calaway as temporary administrator of the estate of appellant, and represented here by his own counsel, filed a motion in this court to dismiss this appeal. The motion identifies the case as it appeared in the trial court, the judgment there entered and the appeal to this court. It shows the death of appellant on December 3, 1948, that he left a will bequeathing all of his property, real, personal and mixed, unto his brother Rex Calaway in trust for the benefit of his young daughter, being the same child whose custody was awarded to appellee in the divorce decree; that said Rex Calaway was

316

named independent executor without bond in the will; that the will had been proposed for probate in Montague County, Texas; that because the will was executed and witnessed in California, considerable time would be required to procure the necessary proofs; that deceased's estate was badly scattered and needed immediate attention for its preservation pending the probate of his will and possession by the executor. The motion has attached to it an order of the probate court in which said Rex Calaway was appointed temporary administrator, subject to his qualification as required by law; the court order recites the condition of the estate and definitely authorizes the administrator to take possession and preserve it. Referable to the instant suit, the probate court took cognizance of the pending appeal and specially ordered the temporary administrator "to take charge of said litigation now pending on appeal in said Court of Civil Appeals and to have said appeal dismissed or to take such other action in regard to said litigation as may be to the best interest of said estate."

The appointment of the temporary administrator is fully authorized by Article 3373 et seq., R.C.S. There is nothing in the record before us to indicate that any person objected or contested the appointment of the temporary administrator nor the authority and limitations imposed upon him by the court's order of appointment.

Appellee has filed a reply to the motion by the administrator and counsel for appellant to dismiss this appeal. She contests the dismissal of the appeal as such, and counters with a motion to be permitted to withdraw her briefs in which she has sought to uphold the judgment of the trial court, and that the judgment be reversed and the cause remanded with instructions to the trial court to dismiss the case.

Counsel for appellee cite and rely upon Ledbetter v. Ledbetter, Tex.Civ.App., 229 S.W. 576, in support of their motion to reverse, remand and order the case dismissed. In some respects the cited case is like the instant one, but unlike it in some material respects. There, as here the wife sued for divorce; and procured that relief; the husband appealed, and died pending the appeal,

as did appellant in our case. The appellees in both cases thereafter moved for reversal, remand and dismissal; this is about as far as the two cases run parallel. In the circumstances of the cited case, the appellate court granted appellee's motion, and the same request is made of us. However in the cited case counsel for the deceased appellant moved the court to reverse the trial court's judgment and remand the cause for another trial. The difference in the two motions in that case was only that appellee wanted, in addition to a remand, an order to dismiss the case. The court reasoned that to grant appellant's motion to remand, under the circumstances a dismissal necessarily followed because there would be nothing left for adjudication and therefore there was no material difference in the relief sought by the two motions.

In the case before us, as distinguished from that of the Ledbetter case supra, we have a motion not only by the deceased appellant's attorney, but by a duly appointed and qualified temporary administrator of deceased's estate acting in obedience to an order of the probate court, requesting not a reversal and remand of the judgment as in the Ledbetter case but a dismissal by this court of the appeal. Of course the granting of this request would have the effect to leave the trial court's judgment stand in all respects; that is, not to in any way change or alter the decree formerly appealed from. Obviously, appellant in his lifetime was dissatisfied with the judgment, but it is equally true that appellee was entirely satisfied with it. She could not be heard to complain now if the death of appellant results in the trial court judgment which she sought being left undisturbed. The result is the same to her as if no appeal had been taken, or the contest had continued in this court and we had overruled appellant's points of error, denied him a reversal and had affirmed the judgment, as she originally prayed in this court. International Ass'n of Machinists, Local Union No. 1488 et al. v. Federated Ass'n of Accessory Workers et al., 133 Tex. 624, 130 S.W.2d 282.

Under the provisions of Rule 369-a, Texas Rules of Civil Procedure, as a

general rule a cause on appeal does not abate because of the death of appellant. Unquestionably if appellant had lived, he could have, at any time prior to a determination of the issues by this court, dismissed this appeal, or by his conduct could have abandoned it and not prosecute it. In either of which events we could not have required him to prosecute the appeal. Moreover, if appellant had moved to dismiss his appeal, or had just abandoned it, we would have had no authority to give appellee any additional affirmative relief over and above what she obtained in the trial court, when she has presented no cross assignments of error complaining of something done by the trial court. At the death of appellant, next to him in interest is his estate. The probate court apparently found that it was to the best interest of his estate that a temporary administrator be appointed and that this appeal be dismissed and so ordered the administrator. The authority of the probate court to make such an order does not appear to have been challenged when made nor does appellee challenge its validity or expediency here. We see no reason why, under the circumstances before us, we should strike it down.

We have already indicated that appellant appealed this case upon two asserted errors in effect (a) that the plaintiff's (appellee's) pleadings and proof were insufficient to support a judgment for divorce on the grounds of cruelty, and (b) because the amount allowed for child support was excessive. Those were real issues in the trial court, and they are the only matters upon which we were required to pass by virtue of this appeal. Now that the appellant (defendant below) is dead, those matters are moot and no longer present an issue for further determination here. For this additional reason we hold that the appeal should be dismissed. There has never been before us in this case any contention by either of the parties that the division of the community property made by the trial court was anything other than fair; that division has been made by the court, nobody complains of it, and nothing could be accomplished by a dismissal of this case which would require that division to be made again.

It is our order that the motion to dismiss appeal should be sustained and it is so ordered. Appellee's motion to withdraw briefs and for us to reverse the judgment of the trial court and remand the cause, with an order to the trial court to dismiss the suit, is overruled.