**Nina Maple TOWNS, Appellant,**

v.

**D. D. TOWNS, Appellee.**

**No. 6588.**

Court of Civil Appeals of Texas.

Amarillo.

April 9, 1956.

Rehearing Denied May 7, 1956.

Hood & Hood, Borger, for appellant.

Archie S. McDonald and Bourne & Porter, Dumas, for appellee.

MARTIN, Justice.

Nina Maple Towns, as plaintiff, filed her petition for divorce against D. D. Towns, as defendant, on August 24, 1953 but took no further action as to prosecution of such cause in the District Court of Moore County. On February 7, 1955, defendant, D. D. Towns, filed a cross-action in the suit and sought a divorce from the plaintiff. There was no service acceptance, or waiver of process by plaintiff upon the defendant's cross-action and plaintiff did not enter her

appearance thereto. On February 7, 1955, D. D. Towns was granted a judgment of divorce on his cross-action. This judgment contains no recitation as to service of process but only the following statement:

"* * * plaintiff, tho having been fully advised as to the setting, came not, but wholly made default * * *."

■ D. D. Towns, designated as appellee herein, died on the 13th day of August, 1955. On August 24, 1955, Nina Maple Towns, designated as appellant herein, filed in the District Court of Moore County pleadings in which she sought to set aside the divorce as decreed to D. D. Towns. Such pleadings are designated as a motion and do not name any party as an interested defendant in the cause. As a basis for setting aside the judgment of divorce, appellant makes the following allegation in the first paragraph of her pleadings:

"Because said judgment is null and void and of no force and effect in that the petition it was based upon was filed on the 7th day of February, 1955, the same day and hour in which the said judgment was filed and entered by this Court, without having had any kind or character of service or notice upon Movent, Nina Maple Towns."

Upon the above issue, it is apparent the judgment of divorce was void and should have been set aside had D. D. Towns been living at the time appellant filed her suit. Early v. Cornelius, 120 Tex. 335, 39 S.W.2d 6, Syls. 1, 2; Harris v. Schlinke, 95 Tex. 88, 65 S.W. 172; Smock v. Fischel, 146 Tex. 397, 207 S.W.2d 891, Syl. 2. The filing of a bill of review on such issue was not a fundamental requirement. Bridgman v. Moore, 143 Tex. 250, 183 S.W.2d 705, Syl. 4. But, the death of D. D. Towns occurring prior to the filing of appellant's suit to set aside the judgment of divorce rendered such issue immaterial and moot.

■■ The record reveals that the voiding of the judgment of divorce could affect only the property rights existing between the deceased and appellant. No issue was made in the trial court, or in this Court, as to a material provision of the original judgment wherein the trial court determined there were no property rights to be settled in the cause. This portion of the judgment is not only supported by the pleadings of the appellant but the rendition of such judgment is impelled by the pleadings of the appellant. This portion of the judgment is likewise supported by the pleadings of D. D. Towns. No issue has been presented as to this phase of the judgment and no ruling is made thereon. But, the heirs, or the estate of D. D. Towns, have an interest in maintaining this element of the original judgment. The rule upon such issue is found in 49 C.J.S., Judgments, § 293, page 539:

"As a general rule all the parties to a judgment should be made parties to a proceeding to vacate or open it, as well as those who may have acquired interests in the judgment, or under it, and therefore have an interest in maintaining it, * * *."

Upon the issue of necessary parties, the record reveals that deceased left surviving him a widowed mother and a sister. The record does not reveal whether there are other heirs of the deceased.

The cause is before this Court solely upon the issue of whether the trial court erred in abating of the cause of action. Upon the elements discussed above as revealed by the transcript in the cause, the trial court's order abating the cause of action is sustained.