Patricia Lynn BLACK, Appellant,

v.

Anthony Joe BLACK, Appellee.

No. 9237.

Court of Appeals of Texas, Texarkana.

May 8, 1984.

John Mercy, J. Hawley Holman, Texarkana, for appellant.

Lynn Cooksey, Texarkana, for appellee.

BLEIL, Justice.

Patricia Lynn Black perfected an appeal from a judgment granting Anthony Joe Black a divorce and custody of their small child. Thereafter, but before oral argument, Patricia Lynn Black died. Responding to a motion to dismiss for mootness, the attorney who had represented Patricia Black on appeal claims that the best interest of the child dictates that the issues raised on appeal be determined. We determine that the appeal is moot.

Ordinarily an appeal is not abated due to the death of a party after the rendition of judgment. Tex.R.Civ.P. 369. However, when a case becomes moot after judg-

ment the appeal should be dismissed. *Dunn v. Dunn,* 439 S.W.2d 830 (Tex.1969); *Texas Foundries v. International Moulders & Foundry Worker's Union,* 151 Tex. 239, 248 S.W.2d 460 (1952). An exception exists in this and most jurisdictions: in an appeal from a divorce judgment, the death of a party during an appeal does not preclude an adjudication of the appeal's merits, if the divorce decree affects property rights of the parties. *Dunn v. Dunn,* supra. The attorney for the deceased appellant advances no argument that the property rights of the Blacks are affected. Nor does this record support that argument.

Patricia Lynn Black's efforts to gain managing conservatorship of her child died with her. Because she is dead the matters which she has raised on appeal—not relating to property rights—are moot. *Calaway v. Calaway,* 218 S.W.2d 315 (Tex. Civ.App.—Fort Worth 1949, writ dism'd); *Ledbetter v. Ledbetter,* 229 S.W. 576 (Tex. Civ.App.—Austin 1921, no writ). *See also Bell v. Bell,* 181 U.S. 175, 21 S.Ct. 551, 45 L.Ed. 804 (1901).

Further indicative of the mootness of this custody quest is the fact that our decision of this appeal would have no effect on the custody of the minor child. Anthony Joe Black, as the surviving parent, would be entitled to possession of his child. *Greene v. Schuble,* 654 S.W.2d 436 (Tex. 1983); *Knollhoff v. Norris,* 152 Tex. 231, 256 S.W.2d 79 (1953).

We dismiss this moot appeal.