Julie Elaine TURNER, Appellant,

v.

Bridget WARD, as next friend of Tatianna Turner, a minor child, Appellee.

No. 08–93–00313–CV.

Court of Appeals of Texas, El Paso.

Nov. 3, 1994.

501

James A. Daross, Vinson, Reaves & Daross, Ken Slavin, Brower & Slavin, El Paso, for appellant.

Ralph Miranda, John Mundie, Miranda & Boyaki, El Paso, for appellee.

Before BARAJAS, C.J., and LARSEN and McCOLLUM, JJ.

## OPINION

McCOLLUM, Justice.

This opinion addresses the issues presented by the trial court's grant of a new trial and subsequent withdrawal of that new trial in a divorce case where one party died after the rendition of a judgment of divorce. We reverse and remand.

### I. SUMMARY OF THE PROCEEDINGS

The record in the instant case shows that Julie Elaine Turner, Appellant, and Llewellyn Devane Turner were married on April 12, 1992. They separated on August 5, 1992 after less than four months of living together as husband and wife. Mr. Turner filed a *pro se* petition for divorce on January 26, 1993, using a preprinted form divorce petition. Appellant was served with citation on February 17, 1993. She filed her original answer, *pro se*, on March 24, 1993.

The record further shows that a hearing was held before the Presiding Judge of the 346th District Court on April 2, 1993. The judge signed and entered the divorce decree that same day. The decree states that Mr. Turner appeared in person, *pro se*, on that date and announced ready for trial, and that Appellant (1) was duly and properly cited by personal service, and (2) waived issuance and service of citation [1] by waiver duly filed and did not otherwise appear. The decree also contains Appellant's signature directly under

1. The record does not contain a waiver of citation by Appellant on file with the trial court at

the time the divorce decree was signed.

a provision in the decree changing her name to Julie Elaine Smith. It appears at no other place on the decree. On April 18, 1993, just sixteen days after the divorce decree was signed and filed, Mr. Turner died from multiple gunshot wounds. Thereafter, on April 26, 1993, Appellant filed a Motion for New Trial. In this motion, Appellant alleged that the judgment was in error in the following respects:

(1) the judgment recites that she was properly cited and failed to appear at the hearing and that she waived service by waiver duly filed; however, she filed an answer and did not default nor waive notice of hearing;

(2) the docket sheet notes that the divorce was an agreed decree; however, her signature on the decree was procured by fraud of Mr. Turner in that he informed her that her signature meant only that she was agreeing to a name change;

(3) Appellant was not given notice of the hearing on April 2, 1993;

(4) Mr. Turner's original petition for divorce alleged that there was no significant community property, and the divorce decree is silent as to the division of community property; however, Appellant believes that there is significant community property that was not apportioned by the decree; and

(5) Appellant was falsely led to believe that she would continue to be named beneficiary of Mr. Turner's government life insurance policy, significantly affecting the parties' property rights.

The motion was set for hearing on May 3, 1993. On the morning of the hearing on the motion for new trial, Appellant filed with the trial court a Waiver of Citation stating that as the executrix of the estate of Mr. Turner, she waived the issuance and service of process in any further proceedings.[2] She also filed at that time a Suggestion of Death and Motion to Dismiss the divorce proceedings. At the hearing, Appellant testified that she

was not informed of the April 2, 1993 hearing. She further testified that Mr. Turner told her that the document that she signed was only a name change and would not finalize the divorce or affect any property rights, and that she believed that her signature meant only that she agreed to the name change. The record includes an order granting the new trial signed and entered on May 3, 1993. The record also shows that an order dismissing the divorce action was entered on May 3, 1993, but this order is dated May 5, 1993.

On May 27, 1993, Bridget Ward, Appellee, as next friend of Tatianna Turner, minor child of Llewellyn Devane Turner from a previous marriage, filed a "Motion for Entry of Divorce Nunc Pro Tunc and to Set Aside Dismissal Order." In this motion, Appellee asserts that the motion for new trial was moot due to the death of Mr. Turner. After hearings on June 2 and 10, 1993, the trial court granted the motion and signed an "Order—Entry of Divorce Nunc Pro Tunc and Setting Aside Order of Dismissal."[3] In this order dated June 14, 1993, the trial court ordered that the dismissal order entered on May 3, 1993 be set aside and vacated and that the judgment of divorce signed and entered on April 2, 1993 be reinstated and entered *nunc pro tunc* in the minutes of the court.

On July 13, 1993, Appellant filed a "Motion to Modify, Correct or Reform Judgment and, Alternatively, Motion for New Trial," requesting the trial court to enter the appropriate order denying divorce in the instant case or grant a new trial to determine any factual issues that may exist in the divorce proceedings. After hearing, the motion was denied on July 30, 1993. Appellant then perfected this appeal, challenging the trial court's order setting aside the dismissal of the action and entering a decree of divorce *nunc pro tunc*.

**2.** The appropriateness of this action was not assigned as a point of error; we, thus, find it unnecessary to address it.

**3.** We note that the earlier divorce decree and motion for new trial were signed by a visiting judge. These subsequent motions were heard and signed by the sitting judge assigned to that court.

## II. DISCUSSION

Appellant presents five points of error. Points of Error Nos. One, Two, and Four challenge the form of Appellee's post-trial motion, styled as a motion nunc pro tunc, and present various arguments that a nunc pro tunc motion was ineffective as to the relief sought. However, Appellant failed to direct the trial court's attention to any defects in the form or substance of Appellee's motion styled "Motion for Entry of Divorce Nunc Pro Tunc and to Set Aside Dismissal Order," thus these points are waived. TEX.R.APP.P. 52(a).[4]

Appellant's Points of Error Nos. Three and Five challenge the trial court's re-instatement of the cause of action and original judgment of divorce, and the trial court's failure to grant Appellant's Motion to Modify, Correct or Reform Judgment and, Alternatively, Motion for New Trial. Because these points attack the same act of the trial court, they are addressed together.

We first address the argument of the Appellee that the trial court could not grant a new trial in the divorce action after the death of Llewellyn Devane Turner.

### Power of Trial Court To Control Its Judgment

When a party to a suit dies, the suit will not abate if the cause of action survives the death of that party. TEX.R.CIV.P. 150. Divorce actions do not survive the death of a party; they are personal to a spouse in a marriage. *McKenzie v. McKenzie,* 667 S.W.2d 568, 571–72 (Tex.App.—Dallas 1984, no writ); *Garrison v. Garrison,* 568 S.W.2d 709, 710 (Tex.Civ.App.—Beaumont 1978, no writ). Hence, if a party in a divorce action dies *prior* to the rendition of judgment on the merits, the action is abated and should be dismissed. *McKenzie,* 667 S.W.2d at 570.

When a trial court renders judgment on the merits in a divorce case, the cause does not abate when a party dies, and the cause cannot be dismissed because it has abated. *Novotny v. Novotny,* 665 S.W.2d 171, 173 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd); *see Verret v. Verret,* 570 S.W.2d 138, 140 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ); *McKenzie,* 667 S.W.2d at 572. This does not mean the trial court loses control over its judgment; the trial court retains plenary power to modify its judgment during the time periods provided by Rule 329b of the Rules of Civil Procedure. *Verret,* 570 S.W.2d at 140; *Austin v. Austin,* 553 S.W.2d 9, 11 (Tex.Civ.App.—Eastland 1977, writ dism'd). The trial court may still deny the divorce. *Austin,* 553 S.W.2d at 11.

These cases should be distinguished from those cases dealing with the mootness of appeals from a divorce decree. An appeal from a divorce decree becomes moot when a party to the divorce dies during the pendency of the appeal. *See Dunn v. Dunn,* 439 S.W.2d 830, 833–34 (Tex.1969); *Black v. Black,* 673 S.W.2d 269, 270 (Tex.App.—Texarkana 1984, no writ); *Walsh v. Walsh,* 562 S.W.2d 501, 502 (Tex.Civ.App.—San Antonio 1978, no writ). An exception exists, however, where the divorce decree significantly affects the property rights of the parties. *Dunn,* 439 S.W.2d at 834. Of course, this exception probably swallows the rule because the marital status of the parties will usually significantly affect their property rights when the issue is raised. Mootness will factor most often in divorce appeals in regard to child custody issues, *see Black,* 673 S.W.2d at 270; *Walsh,* 562 S.W.2d at 502, because the issue of custody does not affect the parties' property rights.

In summary, the cases above dictate the relationship of the judgment and the underlying cause in the following manner: (1) until judgment on the merits is rendered,

4. We note that the guiding rule, however, is that the motions be treated as to their substance, and not their form. *U.S. Fire Ins. Co. v. State,* 843 S.W.2d 283, 284 (Tex.App.—Austin 1992, writ denied); *Woodruff v. Cook,* 721 S.W.2d 865, 869 (Tex.App.—Dallas 1986, writ ref'd n.r.e.); *Texas Employers Ins. Assoc. v. Rivera,* 673 S.W.2d 690, 691–92 (Tex.App.—Austin 1984, no writ); *Ditt-*

*berner v. Bell,* 558 S.W.2d 527, 531 (Tex.Civ. App.—Amarillo 1977, writ ref'd n.r.e.); *Mercer v. Band,* 454 S.W.2d 833, 835–36 (Tex.Civ.App.— Houston [14th Dist.] 1970, no writ). Therefore, the trial court did not err in treating the challenged motion as a motion to vacate the new trial order and reinstating the previous judgment.

a death of the party abates the cause and it must be dismissed; (2) after judgment is rendered, the cause does not abate upon the death of the party, but the *judgment* can be modified or withdrawn, or a new trial granted, during the period of the trial court's plenary power; and (3) the court of appeals has jurisdiction of the appeal after the death of a party if the divorce decree substantially affects the parties' property rights.

Appellee relies on the case of *Blain v. Broussard*, 99 S.W.2d 993 (Tex.Civ.App.—Beaumont 1936, no writ), for the proposition that a trial court cannot grant a new trial after judgment is rendered in a divorce action when one of the parties has died. *Blain* held that the trial court lacked subject matter jurisdiction to dismiss a divorce action on the plaintiff's motion to dismiss when the defendant husband died after a judgment of divorce. *Id.* at 995–96, 997. However, the Supreme Court of Texas in *Dunn v. Dunn*, 439 S.W.2d 830 (Tex.1969), stated: "[w]e find in neither of these cases [*Blain* and *Ledbetter v. Ledbetter*, 229 S.W. 576 (Tex.Civ. App.—Austin 1921, no writ)] a satisfactory enunciation of the law controlling upon a parties' death subsequent to the rendition of a divorce decree." *Dunn*, 439 S.W.2d at 833. *Dunn* further held that an appeal from a divorce decree was not moot where the divorce decree significantly affected the property rights of the parties. *Id.* at 834. It would be an absurdity, then, to say that though the court of appeals could hear an appeal because it was not moot, the trial court could not change its judgment or grant a new trial upon properly alleged grounds. Appellee's argument is without merit.

As determined above, a trial judge maintains his plenary power over a divorce judgment during the period allowed by the Rules of Civil Procedure even though a party to the divorce died post judgment. We now examine whether the trial court's subsequent actions were otherwise proper.

### Was a New Trial Required?

A trial court has broad discretion in granting a new trial, pursuant to Rule 320 of the Rules of Civil Procedure. *Champion Int'l Corp. v. Twelfth Court of Appeals*, 762 S.W.2d 898, 899 (Tex.1988); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985). The test for abuse of discretion is not whether, in the opinion of this Court, the facts present an appropriate case for the trial court's actions. Rather, it is a question of whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *citing Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). Another way of stating the test is whether the act was arbitrary or unreasonable. *Id.* at 242, *citing Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex.1984); *Landry v. Travelers Insurance Co.*, 458 S.W.2d 649, 651 (Tex. 1970). The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Downer*, 701 S.W.2d at 242, *citing Southwestern Bell Telephone Co. v. Johnson*, 389 S.W.2d 645, 648 (Tex.1965) and *Jones v. Strayhorn*, 159 Tex. 421, 321 S.W.2d 290, 295 (1959). A mere error of judgment is not an abuse of discretion. *Loftin v. Martin*, 776 S.W.2d 145, 146 (Tex.1989).[5]

### Notice of Trial

Appellant asserts that because she received no notice of the hearing where Judge Baskette signed the agreed order of divorce, she is entitled to a new trial. Appellant cites us to the case of *Towns v. Towns*, 290 S.W.2d 292 (Tex.Civ.App.—Amarillo 1956, writ dism'd), for the proposition that a divorce rendered at a hearing of which the appealing party had no notice is void. *Towns* actually held that a court could not grant a *counterclaim* for divorce without service of the counterclaim to the appealing party. *Id.* at 293. The instant case involves

---

**5.** Appellant has offered alternatives upon which she believes a new trial should have been granted, but fails to attempt to show an abuse of discretion by the trial court. However, she has said enough magic words that we must endeavor to find the applicable rule for the grounds she asserted and determine then if the trial court abused its discretion.

judgment on the petitioner's claim, and thus *Towns* is entirely inapplicable. Appellee points out the defect in *Towns* but provides no aid to us in determining the applicable rule.

When a party has answered in a divorce case, they are entitled to notice of trial pursuant to Rule 245 of the Rules of Civil Procedure. *See Harmon v. Harmon*, 879 S.W.2d 213, 215–16 (Tex.App.—Houston [14th Dist.] 1994, writ requested); *Schulz v. Schulz*, 726 S.W.2d 256, 258 (Tex.App.—Austin 1987, no writ). Notice is required due process once a party has answered. *In re Marriage of Collins*, 870 S.W.2d 682, 683 (Tex.App.—Amarillo 1994, writ denied). It is presumed that the trial court will hear a case only when notice has been given to the parties. *Welborn–Hosler v. Hosler*, 870 S.W.2d 323, 328 (Tex.App.—Houston [14th Dist.] 1994, no writ). The party challenging a trial court judgment for lack of notice has the burden of proving there was no notice, and must produce evidence in addition to an allegation in a motion for new trial. *Id.*

Appellant filed two motions for new trial with the trial court, both asserting she had no notice of the hearing at which the divorce was granted. In addition, she gave sworn testimony that she was not told of the hearing. Appellee has not shown where Appellant did receive notice. Therefore, we hold that the trial court did abuse its discretion by not granting Appellant a new trial on the basis that she received no notice of the trial.

This Court may only reverse a judgment on appeal if error by the trial court was "reasonably calculated to cause and probably did cause rendition of an improper judgment...." Tex.R.App.P. 81(b)(1). Here, Appellant was denied the opportunity to participate in the divorce proceeding. Although it is clear the parties would have been divorced anyway, absent Mr. Turner's untimely demise, we do not believe this error is harmless. The divorce decree made no disposition of the community property of the marriage, nor of the life insurance policy on Mr. Turner.

We reverse the judgment of the trial court, and remand for new trial.[6]

---

6. The Court notes that on remand, the case is abated and should be dismissed, due to the death of Llewellyn Devane Turner. Tex.R.Civ.P. 150; *McKenzie v. McKenzie*, 667 S.W.2d 568, 570 (Tex. App.—Dallas 1984, no writ).