NO. 07-05-0399-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 27, 2006



______________________________




IN THE MATTER OF THE MARRIAGE OF



MARA CAIN AND JERRY CAIN






_________________________________



FROM THE 324TH DISTRICT COURT OF TARRANT COUNTY;



NO. 324-375734-04; HONORABLE H. FRANK SULLIVAN, JUDGE


 

_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ. OPINION

 Appellant Jerry Cain appeals from a default judgment granting a final decree of divorce
and dissolving his marriage to appellee Mara Cain. Presenting two issues, he contends the
trial court erred in (1) granting the divorce and denying his motion for new trial because there
was no or legally insufficient evidence to support the trial court's findings and (2) entering
judgment nunc pro tunc and denying his second motion for new trial because the
modifications resulted in a substantive change in the division of property. Based on the
rationale discussed below, we dismiss the appeal as moot.

 Mara and Jerry were married in 1992. Mara filed for divorce on October 29, 2004. 
Although Jerry was served with citation and was a graduate of a law school, he did not file an
answer or otherwise make an appearance. At the default hearing on May 27, 2005, Mara was
the only witness called to testify. (1) At the conclusion of her testimony, the trial court granted
a divorce and signed a decree awarding the community property between the parties. Among
other things, Mara was awarded the benefits of her retirement plan, her 2003 Toyota Corolla,
and the residence of the parties; however, the decree also required her to pay the balance of
a purchase money note of $122,500 and the balance of the car note, plus certain credit cards
and accounts. Jerry was awarded all brokerage accounts, stock, bonds, mutual funds, and
securities standing in his name, a 1985 Oldsmobile, and other miscellaneous property,
including computer equipment. Credit card debts were apportioned between the parties. On
August 1, 2005, the trial court signed a nunc pro tunc order. At the post-trial evidentiary
hearing, the trial court announced:

 I find that Mr. Cain was served with citation and failed to file an answer. I further
find that Mr. Cain contacted Ms. Cain's attorney and was advised he needed
to get an attorney and that Mr. Cain failed to do so, though acknowledging to
Ms. Cain's attorney that he knew he needed an attorney and intended to hire
one.


 Jerry's motion and amended motions for new trial were overruled.

 Jerry perfected this appeal on August 30, 2005, but died on October 29, 2005. His
counsel filed a suggestion of death on November 3, 2005. (2) Administration of his estate was
not commenced promptly, but pursuant to our order of May 24, 2006, counsel for Jerry
provided documentation that temporary administration of Jerry's estate was granted on June
1, 2006. Notwithstanding his death, Jerry did not request in his brief that the decree be
reversed and rendered; rather he requested the decree be reversed and the case remanded
for new trial. 

Dissolution of the Marriage


 We commence our analysis by addressing Jerry's challenge to the dissolution of the
marriage. An appeal from a divorce decree becomes moot when a party to the divorce dies
during pendency of the appeal. See McKenzie v. McKenzie, 667 S.W.2d 568, 570
(Tex.App.-Dallas 1984, no writ). See also Black v. Black, 673 S.W.2d 269, 270
(Tex.App.-Texarkana 1984, no writ). Accordingly, we hold that Jerry's death renders any
issues attacking the dissolution of the marriage moot.

Property Division


 We next consider Jerry's contention that there was no evidence or legally insufficient
evidence to meet the minimum requirements of the Family Code necessary to support the
division of the property and allocation of liabilities. In a decree of divorce, the court shall order
a division of the estate of the parties in a manner that the court deems just and right, having
due regard for the rights of each party. See Tex. Fam. Code Ann. § 7.001. 

 The issues of dissolution of the marriage and division of the property of the parties may
not be severed. See Biaza v. Simon, 879 S.W.2d 349, 355 (Tex.App.-Houston [14th Dist.
1994, writ denied); In the Matter of the Marriage of Johnson, 595 S.W.2d 900, 902
(Tex.Civ.App.--Amarillo 1980, writ dism'd w.o.j.). However, as above discussed, the question
of the dissolution of the marriage has been rendered moot by his death. Considering that
section 7.001 authorizes property division in a decree of divorce but not otherwise, we hold
that, under the record presented here, the issue of the division of property is also moot. 

 We have not overlooked Jerry's contention that the appeal is not moot because the
divorce decree significantly affects his property rights. See Dunn v. Dunn, 439 S.W.2d 830,
833 (Tex. 1969); Turner v. Ward, 910 S.W.2d 500, 503. (Tex.App.--Dallas 1984, no writ). 
However, our analysis of Dunn and Turner shows the holdings and dispositions of those
cases are not controlling here.

 In Dunn, both spouses having appeared by pleading, the trial court announced its
decision on the record. Upon the husband's death and before a decree was signed, the wife
filed, and the trial court denied, a motion to dismiss the divorce. The Court upheld the
decision of the trial court to deny the wife's motion to dismiss the divorce holding that a written
judgment signed by the trial judge is not a prerequisite to finality and that the entry of the
judgment was only a ministerial act. 439 S.W.2d at 832-33.

 In Turner, where the husband was killed a few days after the decree was signed,
because the wife was denied the opportunity to participate in the divorce proceeding, the case
was reversed and remanded with instructions that the case should be dismissed by the trial
court due to the death of the husband. 910 S.W.2d at 505, n.6. 

 Unlike the appellants in Dunn and Turner, Jerry did not file an answer. Also, he did not
obtain an inventory and appraisement per section 6.502 (a)(1) of the Family Code nor request
findings of fact and conclusions of law per section 6.711 of the Family Code or Rule 296 of
the Texas Rules of Civil Procedure. Consequently, even if Jerry's contention that the case
is not moot because the decree significantly affects his property rights is correct, a question
we do not decide, the record presented here does not provide the necessary information to
support a determination that the property division significantly affected his property rights. 
Jerry's issues are overruled. 

 Accordingly, the appeal is dismissed as moot.


 Don H. Reavis

 Justice


 


 
1. Section 6.704 of the Texas Family Code Annotated (Vernon 1998) provides that either
spouse is a competent witness in a suit for dissolution of marriage. 
2. See Tex. R. App. P. 7.1(a)(1).