COURT OF APPEALS















COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL PASO, TEXAS

 

JOHNNIE LEE CARTER,                                    )

                                                                              )              
No.  08-05-00185-CV

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                 
65th District Court

ARACELI H. CARTER,                                       )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )               
(TC# 2004CM6132)

 

 

O
P I N I O N

 

Appellant Johnnie
Lee Carter appears pro se and has filed a brief in support of his
appeal. In a single issue, he challenges the trial court=s
denial of his motion to set aside a default judgment of divorce and grant a new
trial.  We will affirm.

Appellant, acting pro
se, filed a petition for divorce from his then wife, Araceli H. Carter, in
the 65th District
 Court of
 El Paso County.  Appellee, Araceli H. Carter, filed an answer
and counter-petition for divorce. 
Appellant filed an answer to Appellee=s
counter-petition.  Appellant failed to
appear at the final hearing in this cause. 
The final decree of divorce recites that although Appellant previously
appeared and was notified of the hearing, he failed to appear and defaulted.








Subsequent to the
final hearing, Appellant filed a motion to set aside the default judgment of
divorce and grant a new trial alleging he never received notice.  Appellant was granted a hearing on his
motion.  The record before this Court
consists of the clerk=s
record only.  No reporter=s record was requested by
Appellant.  

Standard
of Review

A trial court=s ruling on a request to set aside a
default judgment and grant a new trial is reviewed for an abuse of
discretion.  Director, State Employees
Workers=
Compensation Div. v. Evans, 889 S.W.2d 266, 268 (Tex.
1994), citing Cliff v. Huggins, 724 S.W.2d 778, 778‑79 (Tex.  1987); American Paging of Texas, Inc. v.
El Paso Paging, Inc., 9 S.W.3d 237, 239 (Tex.App.--El Paso 1999, pet.
denied).  The fact that a trial court
might decide a discretionary matter differently than an appellate judge in
similar circumstance does not demonstrate that an abuse of discretion has
occurred.  El Paso County Hosp. Dist.
v. Gilbert, 64 S.W.3d 200, 204 (Tex.App.‑-El Paso 2001, pet.
denied).  However, a trial court does
abuse its discretion when it acts in an unreasonable or arbitrary manner, or
without reference to any guiding rules or principles.  Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241‑42 (Tex.
1985).  One such abuse of discretion
occurs when a party establishes the elements necessary to set aside a default
judgment and the trial court fails to grant a new trial.  American Paging of Texas, Inc., 9
S.W.3d at 240.

In his sole issue,
Appellant contends A[t]he
trial court erred in overruling Appellant=s
motion for a new trial because the Associated (sic) Judge decision was against
the great weight and preponderance of the evidence.@  In Appellant=s
one-page brief under the heading AARGUMENT,@ he states his claim as:

POINT
1:         The evidence does not support
the Associate Judge=s ruling
that Plaintiff was served notice of hearings as is required under Texas Rules
of Civil Procedure 21a.








Defendant=s
counsel states that his office mailed Plaintiff a notice of hearing via regular
mail.  TRCP 21a provides that if service
is by mail, delivery by regular U.S.
mail is not sufficient; it must be certified or registered.  Dunn v. Menassen, 913 S.W.2d 621, 626.

 

In his motion,
Appellant recited the elements for setting aside a post-answer default judgment
alleging in part, that:  (1) the Afailure of Johnnie L. Carter to appear
on the trial date was the result of accident and mistake, rather than Johnnie
L. Carter=s
intentional or conscious indifference, because Johnnie L. Carter never received
notice of the final hearing in this cause;@
and (2) AA new
trial in this case will neither occasion delay nor prejudice Respondent.@ 
See  Craddock v. Sunshine Bus
Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (1939); see also Mathis
v. Lockwood, 166 S.W.3d 743, 744 (Tex. 2005)(when first element is
established by proof defaulting party was not given notice of trial setting,
not required to show a meritorious defense). 
Attached to Appellant=s
motion was a sworn affidavit stating that he did not receive notice.

We agree that when
a party has answered in a divorce case, they are entitled to notice of
trial.  Turner v. Ward, 910 S.W.2d
500, 505 (Tex.App.‑‑El Paso 1994, no writ).  On the other hand, it is presumed that a
trial court will hear a case only when notice has been given to the
parties.  Id.; see also Knight v. Knight,
131 S.W.3d 535, 542 (Tex.App.‑-El Paso 2004, no pet.).  Thus, a party challenging a trial court=s judgment for lack of notice has the
burden of proving there was no notice.  Turner,
910 S.W.2d at 505; Knight, 131 S.W.3d at 542.








On June 3, 2005,
the court reporter notified this Court that no designation or satisfactory
arrangement had been made for the preparation of the record.  After receiving the court reporter=s notice, this Court=s clerk sent a letter to both parties
indicating that no designation of record and/or financial arrangements had been
made in this cause and if no response was received, this appeal would be
considered on the clerk=s
record only.  As of the date of this
opinion, no response was received from either party.  The burden to timely prepare, file, and
certify the reporter=s
record lies with the court reporter.  Tex.R.App.P. 35.3(b).  However, an appellant must properly request
and pay for the record (or make arrangements to pay for the record) before this
duty arises.  See Tex.R.App.P. 35.3(b)(3); Utley v.
Marathon Oil Co., 958 S.W.2d 960, 961 (Tex.App.--Waco 1998, no pet.).

Ultimately,
Appellant was responsible for furnishing this Court with a record supporting
his issue on appeal.  American Paging
of Texas, Inc., 9 S.W.3d at 240, citing Simon v. York Crane &
Rigging Co., Inc., 739 S.W.2d 793, 795 (Tex. 1987).  Although the trial court granted Appellant a
hearing on his motion to set aside the default judgment of divorce, there is
nothing further in the record regarding the hearing or the trial court=s ruling.  In the absence of a reporter=s record, we are simply unable to
review the merits of Appellant=s
complaint.  Id. 
This is because when there is no record showing an abuse of discretion,
we must presume the evidence before the trial court was adequate to support its
decision.  Id. 
Consequently, Appellant=s
sole issue is overruled.

Accordingly, we
must affirm the trial court=s
judgment.

 

 

 

August
24, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.