

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00117-CV

IN THE INTEREST OF C.H.S., A CHILD

On Appeal from the County Court at Law No. 1
Lubbock County, Texas
Trial Court No. 2007-538,917, Honorable Mark Hocker, Presiding

December 20, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

In this private parental-rights termination case, R.C.S. (the father) appeals the trial court's final order terminating his parent-child relationship with C.H.S., and appointing appellee H.L.H. (the mother) sole managing conservator of C.H.S.[1] We will modify the final order to reduce the amount of attorney's fees awarded the mother's attorney and

---

[1] As required to protect the child's identity, we will refer to the child and the parents by initials.  *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2017); TEX. R. APP. P. 9.8(b).

affirm that aspect of the final order as modified and we will affirm the trial court's compensatory award to the mother. Otherwise, we will dismiss the appeal as moot.

## Background

The father and the mother married in 2005, C.H.S. was born in 2006, and the couple divorced in 2008. The decree appointed them joint managing conservators with the mother granted the exclusive right to designate the child's primary residence. In 2016, the mother moved to terminate the father's parental rights to C.H.S.

Following the final hearing, the court rendered an order granting the requested termination. It grounded its decision on Family Code predicate grounds (D) and (E) of section 161.001(b)(1) and the finding that termination was in the best interest of C.H.S.[2] The order also awarded attorney's fees of $19,468.96 to the mother's attorney and the mother was awarded $2,400 as compensation for time missed from work because of continuances granted the father.

The father timely filed a notice of appeal and his appellate brief presents seven issues challenging the final order. The mother filed a response brief. On November 28, 2017, the mother filed in this Court a suggestion of the father's death. Attached was a copy of the father's obituary supported by counsel's affidavit, confirming the father died on November 6, 2017.

---

[2] *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D),(E) (predicate endangering grounds) & (2) (best interest) (West Supp. 2017).

Analysis

Issues Concerning Termination of the Father's Parental Rights

We jointly address the father's issues one through five which challenge the portion of the trial court's final order terminating his parent-child relationship with C.H.S. Appellate Rule 7.1 provides:

> If a party to a civil case dies after the trial court renders judgment but before the case has been finally disposed of on appeal, the appeal may be perfected, and the appellate court will proceed to adjudicate the appeal as if all parties were alive. The appellate court's judgment will have the same force and effect as if rendered when all parties were living. The decedent party's name may be used on all papers.

TEX. R. APP. P. 7.1(a)(1). *See Tyson v. Tyson,* No. 05-98-01811-CV, 2001 Tex. App. LEXIS 578 (Tex. App.—Dallas Jan. 30, 2001, no pet.) (not designated for publication) (noting Rule 7.1 does not dispense with the requirement of an existing actual controversy and generally an appeal will be allowed to proceed on the death of a party only if the judgment affects the parties' property rights as opposed to purely personal rights). The father's issues one through five concern only his personal rights and not his property rights. Because of the father's death, a justiciable controversy concerning the maintenance of his parent-child relationship with C.H.S. no longer exists. "A justiciable controversy is one in which a real and substantial controversy exists involving a genuine conflict of tangible interests and not merely a theoretical dispute." *Texas Dep't of Pub. Safety v. Moore,* 985 S.W.2d 149, 153 (Tex. App.—Austin 1998, no pet.). Without a genuine controversy, our opinion on the merits of issues one through five would be no

3

more than advisory. *See Olson v. Comm'n for Lawyer Discipline,* 901 S.W.2d 520, 522 (Tex. App.—El Paso 1995, no writ) ("When there has ceased to be a controversy between the litigating parties due to events occurring after judgment has been rendered by the trial court, the decision of an appellate court would be a mere academic exercise and the court may not decide the appeal . . . . Stated another way, if a judgment cannot have a practical effect on an existing controversy, the case is moot" (internal citation omitted)); *see also In re Marriage of Cain*, 223 S.W.3d 503, 505 (Tex. App.—Amarillo 2006, no pet.) (death of appellant rendered issues attacking dissolution of marriage moot); *Meyer v. Texas Dep't of Human Svcs.*, No. B14-90-00749-CV, 1991 Tex. App. LEXIS 1710 (Tex. App.—Houston [14th Dist.] July 11, 1991, writ denied) (not designated for publication) (same, appeal of conservatorship ruling moot); *Black v. Black*, 673 S.W.2d 269 (Tex. App.—Texarkana 1984, no writ) (because of death of appellant decision on appeal would have no effect on custody of minor child). We therefore dismiss as moot the father's issues one through five.

The Father's Remaining Two Issues

The father's remaining two issues challenge the trial court's award of a judgment for attorney's fees to the mother's counsel and an award to the mother of lost wages for work missed due to continuances sought by the father. Because these money awards affect property rights the appeal will proceed as to those two issues pursuant to Rule 7.1(a)(1). *See Casillas v. Cano,* 79 S.W.3d 587, 592 (Tex. App.—Corpus Christi 2002, order) (holding because case concerned appeal of a money judgment payable jointly and severally by the deceased appellant it affected her property rights and was not moot but could proceed under Rule 7.1(a)(1)).

4

*Attorney's Fees*

In his sixth issue, the father argues the evidence was legally and factually insufficient to support the award of $19,468.96 as attorney's fees to the mother's attorney. In his brief the father states attorney's fees and expenses of $9,130.67 were "proved up" by "appropriate[]" testimony. We interpret this issue, therefore, as challenging the sufficiency of the evidence supporting the $10,338.29 difference between the amount the father concedes was proven and the amount awarded by the trial court.

We agree with the father that the record reflects a distinct difference between the evidence submitted by the mother in support of the $9,130.67 and that offered as proof of the remaining $10,338.29. The mother's attorney testified, describing her experience and the hourly billing rates she and her paralegal charged in the case. Her testimony described in some detail the services rendered through the date of July 5, 2016, concluding that the fees and expenses through that date totaled $9,130.67.

For reasons unclear from our review of the record, however, counsel's testimony did not describe or address the services rendered after July 5, 2016 through the conclusion of trial. For that period of time, the evidence consisted only of a billing summary listing the total billable hours, and total dollar billable amounts, accumulated in the file by the mother's attorney, her paralegal and another firm attorney. The record is devoid of evidence describing the services rendered or otherwise demonstrating the reasonableness of the fees charged after July 5, 2016. The billing summary reflects a "grand total" billable amount of $19,468.96, the amount awarded by the trial court.

In a suit affecting the parent-child relationship, Family Code section 106.002(a) grants a trial court broad discretion to render "judgment for reasonable attorney's fees and expenses . . . ." TEX. FAM. CODE ANN. § 106.002(a) (West 2014). Nonetheless, given that state of the record before us, we must agree with the father that the court abused its discretion by awarding the mother recovery for attorney's fees without evidence of the services rendered or the reasonableness of the fees sought for those services. *See, e.g.*, *In re A.B.P.,* 291 S.W.3d 91, 95 (Tex. App.—Dallas 2009, no pet.); *In re E.B.,* No. 05-14-00295-CV, 2015 Tex. App. LEXIS 10124, at *4 (Tex. App.—Dallas Sept. 29, 2015, no pet.); *see also Long v. Griffin*, 442 S.W.3d 253, 255 (Tex. 2014) (per curiam) (minimum evidence for proof under lodestar method); *Bocquet v. Herring,* 972 S.W.2d 19, 21 (Tex. 1998) (court abuses its discretion by ruling without supporting evidence).

Accordingly, the father's sixth issue is sustained to the extent he challenges the reasonableness of the $10,338.29 additional fees awarded. We will modify the judgment to state an attorney fee award to the mother's counsel of $9,130.67.

*Compensation for the Mother's Lost Wages*

In his seventh issue, the father argues the trial court erred by awarding the mother wages she lost for having missed work to attend hearings that were continued because of the father's unavailability.

The father moved to continue the final hearing when scheduled for January 2017. The mother opposed the request but asked if the court granted the continuance she be compensated for occasions when she cleared her calendar to attend court proceedings that ultimately were continued due to the father's unavailability. At the January 17, 2017

hearing on the father's motion for continuance the trial court ordered the final hearing continued but stated at the final hearing it expected to receive testimony of the amount of lost wages the mother sought. At the final hearing, the mother testified of five days, or parts of those days, she missed from work due to the father's unavailability for court. The trial court awarded the mother $2,400 based on her evidence of lost wages. The father made no objection to the procedure or amount of the award. On appeal he does not challenge the sufficiency of the mother's proof. Rather he contends the court was not authorized to make the award for lost wages. Because the father's appellate complaint was not presented to the trial court at a time when it could have affected its order, the complaint presents nothing for our review. TEX. R. APP. P. 33.1(a).

The father's seventh issue is overruled.

Conclusion

We modify the final order to state the amount of attorney's fees awarded the mother's attorney is $9,130.67 rather than $19,468.96, and affirm that aspect of the order as modified. See TEX. R. APP. P. 43.2(b). We affirm the trial court's award of $2,400 lost wages to the mother. See TEX. R. APP. P. 43.2(a). Otherwise, we dismiss the appeal as moot.

James T. Campbell
Justice

7