**Opinion issued June 18, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-01096-CV

_____

## IN RE JOSEPH CAMPITELLI, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, Joseph Campitelli, has filed a petition for a writ of mandamus, challenging the trial court's order dismissing his suit affecting the parent-child relationship for lack of standing.[1] We dismiss the petition.

---

[1] The underlying case is *In the Matter of the Marriage of Elissa Campitelli and Joseph Campitelli and In the Interest of J.C., a Child*, cause number 18-DCV-252182, in the 505th District Court of Fort Bend County, Texas, the Honorable David S. Perwin presiding.

Joseph and real party in interest, Elissa Campitelli, first lived together beginning in 2009 or early 2010, and were married in February 2015. Elissa's child, J.C., was born in August 2011. In June 2018, Elissa filed an original petition for divorce, stating that "[t]here [was] no child born or adopted of this marriage." Joseph answered Elissa's petition and filed a counter-petition for divorce and suit affecting the parent-child relationship (SAPCR). Joseph asserted that he had "standing to bring [the SAPCR] because he [had] had actual care, control, and possession of [J.C.] for at least six months ending not more than 90 days preceding the date of the filing of this Petition." *See* TEX. FAM. CODE ANN. § 102.003(a)(9). Elissa responded with a Motion to Deny Relief in which she contended that J.C. "should not be included as a child of the divorce" because Joseph previously had signed an Adjudication of Nonparentage in which he acknowledged that he was not J.C.'s father. After an evidentiary hearing, the trial court found that Joseph did not have standing and dismissed the SAPCR. Joseph then filed his petition for a writ of mandamus in this Court.[2]

Joseph's counsel has filed a Suggestion of Death along with a Certificate of Death, showing that Joseph died on March 4, 2019. Counsel states that, before Joseph's death, "the parties had executed a binding mediated settlement agreement

---

[2] Joseph also filed a motion to stay a January 16, 2019 trial setting. We granted the motion and stayed that trial setting.

regarding their marital property issues," but at the time of his death, the divorce had not yet been finalized and they had not "resolved pending disputes regarding [J.C.]."

"[C]ourts have an obligation to take into account intervening events that may render a lawsuit moot." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 166–67 (Tex. 2012). With exceptions not applicable here, a court cannot decide a case that has become moot during the pendency of the litigation. *See id.* at 162. "A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome." *Id.* Because of his death, a justiciable controversy concerning Joseph's standing to pursue a suit regarding a parent-child relationship with J.C. no longer exists. *See In re C.H.S.*, No. 07-17-00117-CV, 2017 WL 6614508, at *1 (Tex. App.—Amarillo Dec. 20, 2017, no pet.) (mem. op.); *Garcia v. Garcia*, No. 04-10-00427-CV, 2011 WL 915718, at *1 (Tex. App.—San Antonio Mar. 16, 2011, no pet.) (mem. op.) *Black v. Black*, 673 S.W.2d 269, 269 (Tex. App.—Texarkana 1984, no writ); *see also Garcia v. Daggett*, 742 S.W.2d 808, 809 (Tex. App.—Houston [1st Dist.] 1987, orig. proceeding [leave denied]) ("Death of a party abates the divorce action and its incidental inquiries of property rights and child custody."). Accordingly, we conclude that Joseph's petition for a writ of mandamus is moot, and we must dismiss it for lack of jurisdiction. *See In re C.H.S.*, 2017 WL 6614508, at *1 (dismissing father's issues challenging

3

termination of parental rights as moot after his death); *Black*, 673 S.W.2d at 269 (concluding mother's death rendered "efforts to gain managing conservatorship of her child" moot and dismissing appeal); *see generally In re Salverson*, No. 01-12-00384-CV, 2013 WL 557264, at *1 (Tex. App.—Houston [1st Dist.] Feb.14, 2013, orig. proceeding) (mem. op.) (concluding mandamus petition was moot and dismissing for want of jurisdiction).

## Conclusion

We dismiss the petition for a writ of mandamus as moot and vacate our January 3, 2019 order staying the trial setting.

## Per Curiam

Panel consists of Justices Lloyd, Landau, and Countiss.