**Opinion filed February 11, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00075-CV
_____

## LORENZO GONZALES, Appellant

## V.

## SHILAH DAWN GARRIGAN GONZALES, Appellee

---

**On Appeal from the 318th District Court**

**Midland County, Texas**

**Trial Court Cause No. FM61969**

---

## M E M O R A N D U M   O P I N I O N

Lorenzo Gonzales, Appellant, filed this appeal from a final decree of divorce that resolved custody, child support, and property-related matters between Appellant and Appellee, Shilah Dawn Garrigan Gonzales. After the appeal was set for submission in this court, counsel for Appellee filed a suggestion of death and informed this court that Appellant died on September 29, 2020. In response to Appellee's suggestion of Appellant's death, this court issued a letter to the parties and requested that Appellant's representative respond to the letter and show grounds

to continue this appeal. We also informed the parties that, absent a timely response, this appeal would be subject to dismissal. The response was due on or before January 25, 2021. We have received no response.

As noted in this court's letter, the only two issues that Appellant presented in his pro se brief relate to the custody of the parties' child, M.C.G. The child custody issues between Appellant and Appellee became moot upon the death of Appellant. *See In re C.H.S.*, No. 07-17-00117-CV, 2017 WL 6614508, at *1 (Tex. App.— Amarillo Dec. 20, 2017, no pet.) (mem. op.) (holding that justiciable controversy no longer existed with respect to issues involving parent–child relationship after appellant father's death); *Black v. Black*, 673 S.W.2d 269, 270 (Tex. App.— Texarkana 1984, no writ) (holding that issues related to conservatorship rights of appellant mother "died with her" and became moot upon her death); *see also Bartee v. Bartee*, No. 11-18-00017-CV, 2020 WL 524909, at *5 (Tex. App.— Eastland Jan. 31, 2020, no pet.) (mem. op.). We conclude that, although an appeal may usually proceed if a party to a civil appeal dies before the appeal has been disposed of, *see* TEX. R. APP. P. 7.1(a)(1), this particular appeal may not proceed any further because the conservatorship issues are moot and because we have received no response showing any grounds upon which this appeal may continue. *See C.H.S.*, 2017 WL 6614508, at *1; *Black*, 673 S.W.2d at 270; *see also* TEX. R. APP. P. 42.3.

Consequently, we dismiss the appeal.

PER CURIAM

February 11, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

2